| Eleanor A. DuBay, WSBA #45828 | Judge: | Whitman L Holt |
| --- | --- | --- |
| Tomasi Bragar DuBay | Chapter: | 12 |
| 121 SW Morrison Street, Suite 1850 | Location: | Telephonic |
| Portland, Oregon 97204 | Hearing Date: | March 2, 2023 |
| Telephone: (503) 894-9900 | Hearing Time: | 11:00 a.m. |
| Email: edubay@tomasilegal.com | Response Date: | February 23, 2023 |

Attorneys for L&M Recreation LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| In re | Case No. 22-00797-WLH12 |
| --- | --- |
| HOODSTOCK RANCH, LLC, | OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN |
| Debtor. | |

Creditor, L&M Recreation, LLC ("L&M" or "Creditor"), by and through its undersigned counsel of record, hereby objects to Debtor's Notice of Motion for Extending Deadline to File Chapter 12 Plan [Doc 30] ("Notice"). In support of its objection, L&M states as follows:

1. This case was commenced on August 29, 2022 by the filing of a voluntary petition for non-individuals under Chapter 12 of the United States Bankruptcy Code. The 341 Meeting of Creditors was held on October 13, 2022. The Chapter 12 Plan was due by November 28, 2022.

2. The Debtor testified, through its representatives Mary Kathleen and Mark Heron, at the 341 Meeting of Creditors that it was working on a proposed plan and that it would be filed within two weeks from that date.

Page 1 – OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN
LMREC-F3\00715522.000

*TOMASI BRAGAR DUBAY*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

22-00797-WLH12    Doc 34    Filed 02/23/23    Entered 02/23/23 13:05:41    Pg 1 of 5

3. The Valuation Hearing that was scheduled for December 1, 2022 was stricken at the request of Debtor's counsel; the Confirmation Hearing was originally scheduled for January 10, 2023. *See* [Doc 6, 15].

4. The day after Creditor filed its Motion for Relief from Stay [Doc 16], Debtor filed a Chapter 12 Plan of Reorganization dated December 23, 2022 [Doc 19] (the "Plan"). Debtor did not request leave from the Court for filing its plan after the deadline prior to filing the Plan. The Court subsequently requested that the Debtor file a motion to extend the deadline for filing the Plan. However, rather than filing said motion, the Debtor improperly combined its motion with its response to Creditor's Motion for Relief from Stay [Doc 26]. The Court again requested that Debtor file a motion to extend the deadline and set the matter for a hearing before the Court.

5. The Debtor then filed the Notice on February 2, 2023, which Notice did not include a motion to extend the deadline or any other supporting documents. The Court should strike Debtor's Notice as improper because it is not accompanied by a motion or any supporting documents.

6. 11 U.S.C. § 1221 states that "The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." As one court has noted, the standard under § 1221 is more "stringent" than the general "for good cause" standard. *Davis v. United States Bank NA (In re Davis)*, No. CC-16-1390-KuLTa, 2017 Bankr. LEXIS 2169, *6 (B.A.P. 9th Cir. Aug. 2, 2017). The standard requires that the court "find that the delay necessitating the extension was caused by "circumstances beyond the debtor's control." *Id.*, citing *First Sec. Bank & Trust Co. v. Vegt*, 511 B.R. 567, 585 (N.D. Iowa 2014). The *In re Davis* court went on to quote the following passage from Collier on Bankruptcy:

Page 2 – OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN
LMREC-F3\00715522.000

*TOMASI BRAGAR DUBAY*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

22-00797-WLH12   Doc 34   Filed 02/23/23   Entered 02/23/23 13:05:41   Pg 2 of 5

> [T]he 90-day limitation was probably included in chapter 12 for the benefit of creditors rather than for the benefit of the debtor. Because chapter 12 lacks the safeguards for creditors that are provided in chapter 11, the 90-day limitation . . . is [one of] the primary protection[s] for creditors against a debtor's languishing in chapter 12 without confirming a plan. Thus, it is appropriate that the debtor should be required to meet a stringent burden if the debtor seeks an extension of the 90-day period.

*Id.*, *6-7, citing 8 Collier on Bankruptcy ¶ 1221.01[2] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2017) (edits original).

7. If the Court considers Debtor's improperly filed motion to extend the deadline, the motion is woefully inadequate under § 1221. The motion, supported by the declaration of Debtor's counsel, merely states in conclusory fashion that Debtor's counsel missed the filing deadline. First, counsel's assertions seem implausible. Only after Creditor filed its Motion for Relief from Stay and raised the issue of the Plan not being filed, did Debtor file its Plan. At more than 30 pages, with multiple supporting exhibits, including a liquidation analysis, it is clear that the Plan had been completed prior to when it was filed (indeed, it was obviously completed prior to Creditor filing its Motion for Relief from Stay). Neither Debtor nor its counsel offers any justification for why the Plan was only filed as a response to Creditor's Motion for Relief from Stay.

8. Second, the purported factual basis, even if true, fails to show how the Debtor should not be justly held accountable. There is no declaration or affidavit from Debtor in support of the motion to extend the deadline. Further, Debtor attended the 341 Meeting and was aware that not only was the Plan due shortly, but that it would be filed within two weeks. In short, Debtor's motion to extend the deadline and counsel's supporting declaration fall far short of the stringent requirements under 11 U.S.C. § 1221.

/ / /

/ / /

/ / /

Page 3 – OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN
LMREC-F3\00715522.000

*TOMASI BRAGAR DUBAY*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

22-00797-WLH12    Doc 34    Filed 02/23/23    Entered 02/23/23 13:05:41    Pg 3 of 5

WHEREFORE, L&M respectfully requests that the Court deny Debtor's Notice.

DATED: February 23, 2023.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
(503) 894-9900
edubay@tomasilegal.com
Of Attorneys for L&M Recreation, LLC

Page 4 – OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN
LMREC-F3\00715522.000

*TOMASI BRAGAR DUBAY*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

22-00797-WLH12    Doc 34    Filed 02/23/23    Entered 02/23/23 13:05:41    Pg 4 of 5

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, I served the foregoing **OBJECTION TO DEBTOR'S MOTION FOR EXTENDING DEADLINE TO FILE CHAPTER 12 PLAN** on the following individuals by electronic notification via CM/ECF as follows:

Sean Currie Glinka: sglinka@portlaw.com
Nicholas Henderson: nhenderson@portlaw.com
Ford Elsaesser: ford@eaidaho.com
United States Trustee: USTPRegion18.SP.ECF@usdoj.gov
Thomas W. Stilley: tstilley@sussmanshank.com
Garrett S. Eggen: geggen@sussmanshank.com

Dated: February 23, 2023.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
(503) 894-9900
edubay@tomasilegal.com
Of Attorneys for L&M Recreation, LLC

CERTIFICATE OF SERVICE
LMREC-F3\00715522.000

*TOMASI BRAGAR DUBAY*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

22-00797-WLH12    Doc 34    Filed 02/23/23    Entered 02/23/23 13:05:41    Pg 5 of 5