Thomas W. Stilley, WSB #21718
Garrett S. Eggen (*admitted pro hac vice*)
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

*Attorneys for Gene Scheel and Tooth Acres LLC*

Honorable Whitman L. Holt
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

In re

HOODSTOCK RANCH, LLC,

Debtor.

CHAPTER 11

Case No. 22-00797-WLH1

OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022

## OBJECTION

Dr. Gene Scheel and Tooth Acres LLC (collectively, "Dr. Scheel"), hereby files this objection (the "Objection") to debtor Hoodstock Ranch, LLC's (the "Debtor") Chapter 12 Plan of Reorganization dated December 23, 2022 [Docket No. 19] (the "Plan"). In support of this Objection, Dr. Scheel represents as follows:

## POINTS AND AUTHORITIES

For the Plan to be confirmed, it must satisfy each of the requirements of 11 U.S.C. § 1225(a). As demonstrated more fully below, the Plan fails to satisfy Bankruptcy Code § 1225(a)(1), (3) or (6) and therefore confirmation must be denied.

OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022 - PAGE 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12   Doc 35   Filed 02/23/23   Entered 02/23/23 16:16:44   Pg 1 of 8

## I. The Plan does not Satisfy § 1225(a)(1) because the Debtor does not Qualify as a Chapter 12 Debtor

As an initial matter, the Plan cannot be confirmed under Bankruptcy Code § 1225(a)(1) because the Debtor is not eligible for Chapter 12 relief. Bankruptcy Code § 1225(a)(1) provides that "the court shall confirm a plan if . . . the plan complies with the provisions of this chapter and with the other applicable provisions of this title." In turn, Bankruptcy Code § 109(f) provides that "[o]nly a family farmer with regular annual income may be a debtor under chapter 12 of this title." The Bankruptcy Code defines "family farmer" as:

> a corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the *farming operation*, and
>
> …
>
> (i) more than 80 percent of the value of its assets consists of assets related to the *farming operation*;
>
> …
>
> (ii) its aggregate debts do not exceed $10,000,000 and not less than 50 percent of its aggregate noncontingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the *farming operation* owned or operated by such corporation or such partnership.

11 U.S.C. § 101(18)(B) (emphasis added).

The term "farming operation" is defined to include "farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state." *See id.* at § 101(20). While courts have held that the term "farming operation" must be given a

OBJECTION OF DR. GENE SCHEEL TO
CONFIRMATION OF DEBTOR'S CHAPTER 12
PLAN OF REORGANIZATION DATED
DECEMBER 23, 2022 - PAGE 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 2 of 8

broad interpretation, they have also noted that the term is not to be construed so broadly "so as to eliminate the definition altogether by bringing in operations clearly outside the nature or practices one normally associates with farming." *See In re Cooper*, 2011 WL 3882278, at *2 (Bankr. D. Or. 2011). Courts consider the following factors when determining whether a debtor is engaged in a "farming operation":

- Whether the location of the operation would be considered a traditional farm;
- The nature of the enterprise at the location;
- The type of product and its eventual market;
- The physical presence or absence of family members on the farm;
- Ownership of traditional farm assets;
- Whether the debtor is involved in the process of growing or developing crops or livestock; and
- Whether or not the practice or operation is subject to the inherent risks of farming.

*See In re Sugar Pine Ranch*, 100 B.R. 28, 31 (Bankr. D. Or. 1989). Based on an examination of these factors, it is clear that the Debtor is not engaged in a "farming operation" and therefore does not qualify for Chapter 12 relief.

As an initial matter, the nature of the Debtor's enterprise cannot be considered a "farming operation" because the Debtor's Plan itself provides that the Debtor does not generate income through farming purposes. In particular, the budget attached to the Plan as Exhibit 1 does not project ***any*** income to be derived from farming activities. *See* Plan, Ex. 1. Instead, the Plan's budget relies nearly entirely on "Event Rental and Related Income." *Id.* Accordingly, it is difficult to ascertain how the Debtor's enterprise can constitute a "farming operation."

For similar reasons, the Debtor's "type of product" and lack of involvement in

OBJECTION OF DR. GENE SCHEEL TO
CONFIRMATION OF DEBTOR'S CHAPTER 12
PLAN OF REORGANIZATION DATED
DECEMBER 23, 2022 - PAGE 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 3 of 8

"growing or developing crops or livestock" weighs against finding that the Debtor is engaged in a "farming operation." While the Debtor's schedules list "Timber" and "10 Cord Split Wood" as crops belonging to the Debtor, the Plan's budget makes clear that it is not actively growing or developing these "crops" or that the Debtor has any plans to do so in the future. *See* Docket No. 12 (the "Schedules"); Plan, at Ex. 1. Accordingly, the mere existence of timber on the Debtor's property, without more, cannot support the conclusion that the Debtor is engaged in a "farming operation." *See In re Jayo*, 2006 WL 2433451, at *11 (Bankr. D. Idaho July 28, 2006) (finding that debtor's salvage logging was not a "farming operation" because the trees located on debtor's property "were never planted or raised as a crop or on a sustained yield basis"); *In re Cooper*, 2011 WL 3882278, at *2 (Bankr. D. Or. 2011) (finding that debtor was not eligible for Chapter 12 relief where the debtor did not cultivate trees but instead simply marketed them).

Further, the Schedules do not list any "traditional farm assets."[1] Indeed, one would expect a debtor engaged in the harvesting and sale of timber to list timber-related equipment such as chainsaws, skidders, or feller bunchers in its schedule of assets. However, none of this equipment or anything of this kind is listed in the Schedules. *See generally*, Schedules.

In addition, Mr. and Mrs. Heron (the 100% equity owners of the Debtor) do not appear to live on the Debtor's property. Indeed, the Herons' individual Chapter 13

---

[1] As explained more fully below, the personal property listed in the Debtor's schedules or the Liquidation Analysis attached as Exhibit 3 to the Plan actually belongs to Dr. Scheel.

OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022 - PAGE 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 4 of 8

Plan indicates that their personal residence is located in Hood River, Oregon. *See* Docket No. 23, Case No. 22-31614-pcm13 (Bankr. D. Or. Oct. 17, 2022).

Finally, the Debtor's operations are not subject to the inherent risks of farming. The Debtor's proposed business is to provide event planning services, not to cultivate or develop products that are subject to the risks inherent in farming such as weather, crop production, and pricing. *See In re Jones*, 2011 WL 3320504, at *3 (Bankr. D. Or. Aug. 2, 2011) (finding debtor was not exposed to inherent risks of farming where debtor merely provided services to third parties and did not produce product).

In sum, an examination of the *Sugar Pine* factors establish that the Debtor is not engaged in "farming operations" and therefore does not qualify for Chapter 12 relief. As such, the Debtor's Plan seeking Chapter 12 relief does not comply with the provisions of the Bankruptcy Code and must be denied under Bankruptcy Code § 1225(a)(1).

## II. The Plan does not Satisfy § 1225(a)(3) because the Plan was not Filed in Good Faith

Next, the Plan cannot be confirmed under Bankruptcy Code § 1225(a)(3) because the Plan misrepresents the Debtor's ownership status of certain property and unfairly manipulates the Bankruptcy Code. Bankruptcy Code § 1225(a)(3) provides that "the court shall confirm a plan if . . . the plan has been proposed in good faith and not by any means forbidden by law." "Whether a plan is proposed in good faith turns on an examination of the totality of the circumstances surrounding the plan and the bankruptcy filing." *In re Barger*, 233 B.R. 80, 83 (8th Cir. BAP 1999). Indeed, "[t]he court must focus on factors such as . . . whether the debtor has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether the debtor has unfairly manipulated the Bankruptcy Code." *Id.*

Here, the Plan reserves the right to sell the Debtor's assets to fund Plan payments and provides that any such sale "shall be deemed a sale pursuant to a confirmed plan

OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022 - PAGE 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 5 of 8

of reorganization pursuant to the Bankruptcy Code." *See* Plan, at Art. 3.08. However, Debtor's Schedules and the Liquidation Analysis attached as Exhibit 3 to the Plan both list assets that are actually owned by Dr. Scheel. *See generally*, Schedules; Plan, at Ex. 3. Accordingly, the Debtor has fraudulently misrepresented the ownership status of this property in an attempt to unfairly manipulate the Bankruptcy Code's post-confirmation sale provisions. This alone should preclude confirmation of the Plan under Bankruptcy Code § 1225(a)(3).

**III. The Plan does not Satisfy § 1225(a)(6) because the Debtor's Proposed Means of Funding Plan Payments is not Feasible**

Finally, the Plan is not feasible because the Debtor's proposed use of its Property to fund Plan payments violates applicable zoning laws and the Debtor has not otherwise demonstrated that it has received approval for such use. Specifically, the Debtor's Property is zoned as a Forest Resource District. *See* Klickitat County Ord. 19.12. The purpose of the Forest Resource Zoning is to "provide a stable commercial forest and wild land base and to encourage good multiple use forest management in its broadest definition." *See id.* at 19.12.010. Permitted uses under this zoning category "include but are not limited to grazing, mining, water management, fish and wildlife management, recreation and sports, and management of crops of various kinds." *See id.* at 19.12.020A. However, "the board of adjustment may permit as conditional uses any other uses it judges to be no more detrimental to the adjacent properties than, and of the same type and character as, those uses permitted outright." *See id.* at 19.12.030.

Here, the Debtor proposes to fund Plan payments through "rent portions of the Property for events" and estimates that it will receive $250,000 in income from such events. *See* Plan, at Art. 3.06, Ex. 1. However, event planning and operations do not fall under the permitted uses for a Forest Resource District. *See* Klickitat County Ord. 19.12.020A. In addition, the Debtor has not established that it has received a Conditional Use Permit from the Klickitat County Planning Department. *See id.* at

OBJECTION OF DR. GENE SCHEEL TO
CONFIRMATION OF DEBTOR'S CHAPTER 12
PLAN OF REORGANIZATION DATED
DECEMBER 23, 2022 - PAGE 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 6 of 8

19.12.030.  Accordingly, the Plan's proposed means to pay creditors is simply not feasible.

The Plan is also not feasible because the Debtor has not demonstrated that it has any experience in event planning and event operations or otherwise substantiated its income projections of $250,000 per year from such activities.  Indeed, the Plan merely provides that "[t]he Debtor's income projections are based upon Debtor's estimates of rental demand after scheduling event rentals for the 2023 year."  However, it is difficult to comprehend how the Debtor could be scheduling events without the proper authority to do so.  Moreover, the Debtor does not explain what kind of event rentals it is currently scheduling or plans to engage in.  Finally, the Property is located in an isolated portion of Klickitat County that is incredibly difficult to access throughout most of the year.  Accordingly, it is highly questionable that the Debtor will earn $250,000 per year under these circumstances.  Therefore, the Plan is not feasible and confirmation should be denied.

## **CONCLUSION**

For the reasons set forth herein, Dr. Scheel respectfully requests that this court deny confirmation of the Plan.

Dated this 23rd day of February, 2023.

SUSSMAN SHANK LLP

By */s/ Thomas W. Stilley*
Thomas W. Stilley, WSB #21718
Garrett S. Eggen, Admitted Pro Hac Vice
*Attorneys for Gene Scheel and Tooth Acres, LLC*

OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022 - PAGE 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 7 of 8

# CERTIFICATE OF SERVICE

I, Janine E. Hume declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on February 23, 2023, I served the **OBJECTION OF DR. GENE SCHEEL TO CONFIRMATION OF DEBTOR'S CHAPTER 12 PLAN OF REORGANIZATION DATED DECEMBER 23, 2022** on all ECF participants as indicated on the Court's Cm/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 23, 2023.

*/s/ Janine E. Hume*
_____
Janine E. Hume, Legal Assistant

*26814-002\CERTMASTER (JANINE) (04186725);1

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

22-00797-WLH12    Doc 35    Filed 02/23/23    Entered 02/23/23 16:16:44    Pg 8 of 8